**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| JOHN C. PORTER, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>     v.<br><br>GRAFTECH INTERNATIONAL LTD., DAVID RINTOUL, QUINN COBURN, MARCEL KESSLER, TIMOTHY K. FLANAGAN, JEREMY S. HALFORD, BCP IV GRAFTECH HOLDINGS LP, BROOKFIELD CAPITAL PARTNERS LTD., and BROOKFIELD ASSET MANAGEMENT LTD.,<br><br>          Defendants. | Case No. 1:24-cv-00154-DCN<br><br>Judge Donald C. Nugent<br><br>**MOTION OF SAM KULUMANI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL** |

Sam Kulumani ("Kulumani") respectfully submits this motion pursuant to the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4, *et seq*. (the "PSLRA") for an Order: (1) appointing Kulumani as Lead Plaintiff under 15 U.S.C. §78u-4(a)(3)(B); (2) approving Kulumani's selection of Glancy Prongay & Murray LLP ("GPM") and Holzer & Holzer, LLC ("Holzer") as co-lead counsel and Willis Spangler Starling ("Willis Law") as liaison counsel pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.    PRELIMINARY STATEMENT

This is a class action on behalf of persons and entities that: (1) purchased or acquired GrafTech International Ltd. ("GrafTech") securities between February 8, 2019 and August 3, 2023, inclusive (the "Class Period").

The PSLRA provides that the Court shall appoint the "most adequate plaintiff" as lead plaintiff. Pursuant to the PSLRA, the person or group with the largest financial interest in the relief sought by the class who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure is presumed to be the most adequate plaintiff.

Kulumani believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Kulumani satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims, and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Kulumani respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

1

Additionally, Kulumani's selection of GPM and Holzer as co-lead counsel and Willis Law as liaison counsel for the Class should be approved because the firms have substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.     FACTUAL BACKGROUND[1]

GrafTech is a global manufacturer of graphite electrode products that are used in the production of electric arc furnace ("EAF") steel – a purportedly greener alternative to traditional steelmaking methods. EAF utilizes graphite electrodes to conduct electricity and to generate sufficient heat to melt scrap metal, iron ore, or other raw materials used to produce steel or other metals. GrafTech's customers are comprised of steel manufacturers that use EAF to produce steel.

The complaint alleges that GrafTech failed to implement effective environmental safeguards at the Company's Monterrey, Mexico facility. As a result, GrafTech's operations in Monterrey had for decades chronically contaminated neighboring communities with harmful carcinogenic gasses and particulate matter, leaving GrafTech acutely exposed to material undisclosed risks of government enforcement actions, and consequently to business and operational disruptions and adverse financial and reputational impacts.

On September 16, 2022, GrafTech revealed that its critical manufacturing facility in Monterrey, Mexico had been shut down by regulators following inspections by the State Attorney's office for the Secretary of Environment and the Ministry of the Environment. In the wake of this revelation, Mexican news outlets reported that the cessation order had been made in response to GrafTech's excessive pollution of hazardous carcinogenic gasses and particulate matter into neighboring communities over a prolonged time frame. On this news, the price of

---

[1] This section is adapted from the complaints in the above-captioned actions.

GrafTech common stock fell from $5.30 per share on September 16, 2022 to $4.61 per share on September 20, 2022, a decline of approximately 13% over a three-day trading period on above-average trading volume.

Then, on November 18, 2022, GrafTech announced that its facility in Monterrey, Mexico was conditionally permitted to resume operations subject to the Company's completion of certain remediation efforts. Although the Monterrey facility was eventually permitted to re-open, defendant Kessler subsequently revealed during a February 2023 conference call that the temporary closure had severely disrupted the Company's operations and would have a "significant" negative impact on GrafTech's business performance going forward.

GrafTech reported sales declines of 62% and 49% in the first and second quarters of 2023, respectively, pushing the Company from $50 million in net income for the fourth quarter of 2022 to a $15 million net loss for the first six months of 2023. As a result of these subsequent disclosures, the price of GrafTech stock fell to less than $4 per share by mid-August 2023. The price of GrafTech stock continued to fall thereafter, eventually dropping as low as $1.50.

As a result of the Defendants' wrongful acts and omissions, Kulumani and other members of the class suffered significant losses and damages.

## III.     ARGUMENT

### A.     Kulumani Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA

provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the Class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Kulumani satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Kulumani has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Federal Rule of Civil Procedure 23. In addition, Kulumani is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Kulumani respectfully submits that he should be appointed lead plaintiff. *See Ohio Pub. Emps. Ret. Sys. v. Fannie Mae*, 357 F. Supp. 2d 1027, 1031 (S.D. Ohio 2005); *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1. Kulumani Filed a Timely Motion

Kulumani has made a timely motion in response to a PSLRA early notice. On January 25, 2024, pursuant to Section 21(D)(a)(3)(A)(I) of the Exchange Act, notice of the pendency of this

case was published on *Business Wire*, announcing that a securities class action had been filed against Defendants herein. *See* Declaration of Patrick Willis ("Warner Decl."), Exhibit ("Ex.") A. Therefore, Kulumani had sixty days (*i.e.*, until March 25, 2024) to file a motion to be appointed as Lead Plaintiff. As a purchaser of GrafTech securities during the Class Period, Kulumani is a member of the proposed class and has timely filed a motion for appointment as lead plaintiff within sixty days of the Notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certifications, Kulumani attests that he is willing to serve as representative of the class. *See* Warner Decl., Ex. B. Accordingly, Kulumani satisfies the first PSLRA requirement to be appointed lead plaintiff.

### 2. Kulumani Has the Largest Financial Interest

The PSLRA requires courts adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii). At the time of this filing, Kulumani believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and accordingly is presumed to be the "most adequate plaintiff."

Kulumani purchased GrafTech securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm. Considering only shares that were held at the time of a corrective disclosure, Kulumani lost approximately $61,279.84. *See* Warner Decl., Ex. C. To the best of his knowledge, Kulumani is not aware of any other Class member that has filed a motion for appointment as lead plaintiff who is claiming a larger financial interest. As such, Kulumani

believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the Class.

### 3. Kulumani Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

At this stage, lead plaintiff candidates need only "make a prima facie showing that they satisfy the typicality and adequacy prerequisites of Rule 23." *Owens v. FirstEnergy Corp.*, 2020 WL 6873421, at *11 (S.D. Ohio Nov. 23, 2020).

### a) Kulumani's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims "arise out of the same course of conduct or series of events, and are based on the same legal theory as the other members of the class." *See Ohio Pub. Emps. Ret. Sys.*, 357 F. Supp. 2d at 1034.

Kulumani's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Kulumani alleges that Defendants' material misstatements and omissions concerning the Company's business, operations, and financial prospects violated the federal securities laws. Kulumani, like all of the members of the Class, purchased GrafTech securities in reliance on Defendants' alleged misstatements and omissions and were damaged thereby.

6

Kulumani's losses, like the losses suffered by all other members of the Class, arise from the artificial inflation of the Company's securities caused by defendants' alleged misrepresentations and omissions. Accordingly, Kulumani's interests and claims are "typical" of the interests and claims of the Class.

### b) Kulumani Is an Adequate Representative

The adequacy requirement is satisfied where: "(1) plaintiff's interests are not antagonistic to those of the class they seek to represent and (2) plaintiff's counsel is qualified to conduct the litigation." *Ohio Pub. Emps. Ret. Sys.*, 357 F. Supp. 2d at 1034.

Kulumani has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and their financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Warner Decl., Ex. C. Kulumani is retired and resides in Las Vegas, Nevada. Kulumani is not aware of any conflict between his claims and those asserted on behalf of the Class. Accordingly, Kulumani is adequate and should be appointed as lead plaintiff.

### B. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, Kulumani has selected GPM and Holzer as co-lead counsel for the class and Willis Law as liaison counsel. GPM and Holzer possess extensive experience in securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. *See* Warner Decl., Exs. D and E. GPM and Holzer will consult Willis Law regarding compliance with local rules. Thus, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation. Accordingly, the Court should approve Kulumani's selection of counsel.

## IV.   CONCLUSION

For the foregoing reasons, Kulumani respectfully requests that the Court grant his Motion and enter an Order: (1) appointing Kulumani as lead plaintiff; (2) approving Kulumani' selection of Glancy Prongay & Murray LLP and Holzer & Holzer, LLC as co-lead counsel and Willis Spangler Starling as liaison counsel for the class; and (3) granting such other relief as the Court may deem just and proper.

Dated:  March 25, 2024

**WILLIS SPANGLER STARLING**

By: _Patrick Warner_
Patrick G. Warner (0064604)
4635 Trueman Boulevard, Suite 100
Hilliard, Ohio 43026
Telephone: (614) 586-7900
Facsimile: (614) 586-7901
pwarner@willisattorneys.com

*Liaison Counsel for Sam Kulumani and Proposed Liaison Counsel for the Class*

**GLANCY PRONGAY & MURRAY LLP**
Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
rprongay@glancylaw.com
clinehan@glancylaw.com

**HOLZER & HOLZER, LLC**
Corey D. Holzer
211 Perimeter Center Parkway, Suite 1010
Atlanta, Georgia 30346
Telephone: (770) 392-0090
Facsimile: (770) 392-0029

*Counsel for Sam Kulumani and Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On March 25, 2024, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Northern District of Ohio, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 25, 2024, at Hilliard, Ohio.

*/s/ Patrick G. Warner*
Patrick G. Warner (0064604)