**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| JOHN C. PORTER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GRAFTECH INTERNATIONAL LTD., DAVID RINTOUL, QUINN COBURN, MARCEL KESSLER, TIMOTHY K. FLANAGAN, JEREMY S. HALFORD, BCP IV GRAFTECH HOLDINGS LP, BROOKFIELD CAPITAL PARTNERS LTD., and BROOKFIELD ASSET MANAGEMENT LTD.,<br><br>Defendants. | Civil Action No. 1:24-cv-00154-DCN |

**SHEKHAR AGRAWAL'S MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF AND IN FURTHER SUPPORT OF HIS MOTION FOR APPOINTMENT AS LEAD <u>PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL</u>**

Shekhar Agrawal, individually and on behalf of Jai Agrawal and Arya Samaj Greater Houston, respectfully submits this memorandum of law in opposition to the competing motions for appointment as lead plaintiff and in further support of his motion for appointment as lead plaintiff.

## I.  PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires courts to appoint a lead plaintiff in securities class actions asserting violations of the Securities Exchange Act of 1934. It instructs courts to appoint as lead plaintiff the movant with the largest financial interest in the litigation, so long as that movant satisfies the adequacy and typicality requirements under Rule 23. See 15 U.S.C. §78u-4(a)(3)(B). Under that directive, Mr. Agrawal is the "most adequate plaintiff" because he is the movant with the largest financial interest and otherwise satisfies the typicality and adequacy prongs of the Federal Rules of Civil Procedure 23 ("Rule 23").

The PSLRA states that the movant with the "largest financial interest" that is otherwise adequate and typical shall be appointed as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii). To determine financial interest, Courts in the Sixth Circuit and throughout the country typically use the following *Olsten*/*Lax* factor test: (1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period; (3) the net funds expended during the class period; and (4) the approximate losses suffered. *Owens v. FirstEnergy Corp.*, No. 2:20-cv-03785, 2020 U.S. Dist. LEXIS 219573, at *17 (S.D. Ohio Nov. 23, 2020). Under each of these factors Mr. Agrawal has the largest "financial interest" in the litigation. *See* ECF Nos. 17-5, 18-4, 19-4, 20-5, and 21-2. Indeed, with ***nearly three times more*** losses than the closest competing movant, the University of Puerto Rico Retirement System ("UPR"), there can be no dispute that Mr. Agrawal holds the "largest financial interest" in the Action and is, therefore, presumptively the "most adequate plaintiff" for the purpose of serving as lead plaintiff pursuant to the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B).

Mr. Agrawal has also made the requisite preliminary showing of the typicality and adequacy under Rule 23, which is all that is required at this stage in the litigation. *Eshe Fund v. Fifth Third Bancorp*, Civil Action No. 1:08-cv-421, 2009 U.S. Dist. LEXIS 140342, at *17 (S.D. Ohio Mar. 5, 2009). Mr. Agrawal is typical of the other class members insofar as he acquired GrafTech common stock during the Class Period and was damaged as a result. Mr. Agrawal does not have any interests adverse to the Class and, as demonstrated in his declaration accompanying his motion, is ideally suited to serve as the lead plaintiff given his 28 years of investing and experience owning businesses in the logistics industry as well as the health and beauty industry. *See* ECF No. 18-6. Mr. Agrawal also has experience hiring and overseeing attorneys for real estate, trusts, taxes, immigration, and routine business matters. *Id*.

With the largest financial interest in the outcome of the Action and having made the preliminary showing of typicality and adequacy, Mr. Agrawal is entitled to the presumption of being the "most adequate plaintiff". 15 U.S.C. § 78u-4(a)(3)(B). As the other movants cannot rebut this presumption with proof that Mr. Agrawal is somehow atypical or inadequate, he is entitled to be appointed as the lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Accordingly, for these reasons, Mr. Agrawal respectfully requests that the Court grant his motion in its entirety and deny the competing motions.

## II.     ARGUMENT

The PSLRA creates a strong presumption that the lead plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Once this presumption is triggered, it can only be rebutted upon "proof" that the presumptive lead plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II).

In addition to possessing the largest financial interest among all of the movants, Mr. Agrawal satisfies the typicality and adequacy requirements of Rule 23 and the PSLRA by virtue of having suffered losses in the same way as the other members of the Class, having no conflicts of interest with Class members, and having retained experienced and competent counsel to litigate the Action. Accordingly, Mr. Agrawal is the statutorily presumed lead plaintiff for this matter and no indication— let alone proof—of inadequacy exists.

**A.      Mr. Agrawal Has the Largest Financial Interest in the Relief Sought by the Class.**

Courts in the Sixth Circuit and throughout the Country generally look at the following *Olsten/Lax* factors to determine the financial interest of a lead plaintiff movant: (1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period; (3) the net funds expended during the class period; and (4) the approximate losses suffered. *Plagens v. Deckard,* No. 1:20-cv-2744, 2021 U.S. Dist. LEXIS 143359, at *18 (N.D. Ohio Aug. 2, 2021); *Owens*, 2020 U.S. Dist. LEXIS 219573, at *17; *In re Cardinal Health, Inc. Sec. Litig.,* 226 F.R.D. 298, 302-03 (S.D. Ohio 2005) ("*Cardinal Health I*"). Within the Sixth Circuit, "the dominant approach … is to treat the loss factor as determinative." *Owens*, 2020 U.S. Dist. LEXIS 219573, at *29-30. Mr. Agrawal indisputably has the "largest financial interest" in the Action under every factor:

| Movant | Gross Shares Purchased | Net Shares Retained | Net Funds Expended | Claimed Losses |
|---|---|---|---|---|
| Shekhar Agrawal | 387,213 | 242,331 | $2,555,587.15 | $1,669,155.74 |
| The University of Puerto Rico Retirement System | 226,300 | 102,900 | $1,000,545.82 | $623,340.38 |
| Sam Kulumani | 10,100 | 10,100 | $98,225.00 | $61,279.84 |
| Matthew Lynch | 3,948 | 2,848 | $39,490.56 | $29,078.00 |
| Mukhtar Osman | 1,079 | 1,079 | $13,132.08 | $9,265.41 |

*See* ECF Nos. 17-5, 18-4, 19-4, 20-5, and 21-2.

As compared to the nearest movant, UPR, Mr. Agrawal purchased 160,913 more gross shares, retained over 139,431 more net shares, expended over $1,555,041.33 more net funds, and lost $1,045,815.36 more. Accordingly, Mr. Agrawal has the largest financial interest in this matter.

**B.      Mr. Agrawal Satisfies the Requirements of Rule 23**

The PSLRA requires that the presumptive lead plaintiff "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Courts have applied this directive at the lead plaintiff stage by analyzing the typicality and adequacy requirements of Rule 23. *Ohio Public Employees Ret. Sys. v. Fannie Mae*, 357 F. Supp. 2d 1027, 1034 (S.D. Ohio 2005). Here, Mr. Agrawal satisfies both the typicality and adequacy prongs of Rule 23, requiring his appointment as lead plaintiff.

"In the Sixth Circuit, the test for typicality is whether a named plaintiff's claims 'arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.'" *Garden City Emples. Ret. Sys. v. Psychiatric Sols., Inc.*, No. 3:09-00882, 2012 U.S. Dist. LEXIS 44445, at *99-100 (M.D. Tenn. Mar. 29, 2012) (quoting *In re Am. Med. Sys.*, 75 F.3d 1069, 1082 (6th Cir. 1996)). There can be no dispute that Mr. Agrawal satisfies the typicality requirement. Like all members of the Class, Mr. Agrawal: (1) purchased GrafTech common stock during the Class Period; (2) at prices artificially inflated by the false and misleading statements and/or omissions by Defendants; and (3) suffered heavy losses as a result of Defendants' material misstatements. Thus, Mr. Agrawal's claims are substantially similar, if not identical, to those of absent Class members. *See Ross v. Abercrombie & Fitch Co.*, 257 F.R.D. 435, 444 (S.D. Ohio 2009) (collecting cases); *Grae v. Corr. Corp. of Am.*, 330 F.R.D. 481, 501 (M.D. Tenn. 2019) (noting that "typicality is met if the class members' claims are fairly encompassed by the named plaintiffs claims.").

A lead plaintiff satisfies the adequacy requirement of Rule 23 in the Sixth Circuit by showing that the movant: (1) has common interests with the unnamed Class members; and (2) will vigorously prosecute the action with the assistance of qualified counsel. *In re Goodyear Tire & Rubber Co. Sec. Litig.*, No. 5:03CV2166, 2004 U.S. Dist. LEXIS 27043, at *29 (N.D. Ohio May 12, 2004). Mr. Agrawal readily meets these requirements as he has no conflicts with absent Class members and is highly motivated to recover for losses suffered from Defendants' alleged violations of the federal securities laws – the same injury incurred by the proposed Class, arising from the same alleged conduct.

As set forth in his PSLRA certification and declaration, Mr. Agrawal is a sophisticated investor with approximately 28 years of investing experience in the stock market. He resides in Houston, Texas and is currently semi-retired, but prior to that owned businesses in the logistics industry as well as the health and beauty industry. Mr. Agrawal has experience hiring and overseeing attorneys for real estate, trusts, taxes, immigration, and routine business matters. Further, Mr. Agrawal manages a portfolio for his family and invested in GrafTech on behalf of himself, his family (including his brother Jai Agrawal), and a non-profit entity, Arya Samaj Greater Houston ("Arya Samaj"), a religious and educational organization located in Houston, Texas, for which Mr. Agrawal serves as Treasurer. Given that Mr. Agrawal invested in GrafTech on behalf of himself, his brother, and Arya Samaj, he is representing them in this lawsuit and received duly executed special powers of attorney to do so. *See* ECF No. 18-6, (Agrawal Declaration). Accordingly, Mr. Agrawal is qualified and especially motivated to direct and oversee the litigation for the benefit of himself, his family, and the Class at large.

Mr. Agrawal's adequacy is further bolstered by his choice of counsel, having chosen Levi & Korsinsky, LLP ("Levi & Korsinsky") as proposed Lead Counsel and successfully negotiated a retainer agreement to represent him and the Class in this litigation. In addition, Cummins Law LLC ("Cummins Law") will serve as Liaison Counsel, Mr. Agrawal's motion is granted. Both Levi &

Korsinsky and Cummins Law, who have successfully worked together in other securities matters, are highly experienced in securities class actions and are well qualified to litigate the Action on behalf of the Class and their appointments should also be approved. *See* ECF Nos. 18-7 and 18-8 (firm résumés of Levi & Korsinsky and Cummins Law).

### C. No Proof Exists to Rebut the Presumption in Favor of Mr. Agrawal's Appointment as Lead Plaintiff.

Having the largest financial interest and satisfying the Rule 23 requirements of adequacy and typicality, Mr. Agrawal is entitled to the presumption of "most adequate plaintiff." This presumption may be rebutted only upon proof by a Class member that Mr. Agrawal "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C § 78u-4(a)(3)(B)(iii)(II); *St. Clair Cnty. Emples. Ret. Sytem v. Acadia Healthcare Co.,* No. 3:18-cv-00988, 2019 U.S. Dist. LEXIS 22095, at *7 (M.D. Tenn. Jan. 9, 2019); *La. Sheriffs' Pension & Relief Fund v. Cardinal Health, Inc., No. 2:19-CV-3347,* 2020 U.S. Dist. LEXIS 107933, at *23-24 (S.D. Ohio June 19, 2020) ("*Cardinal Health II*"); *Rao v. Quorum Health Corp.*, 221 F. Supp. 3d 987, 989 (M.D. Tenn. 2016).

The competing lead plaintiff movants can only rebut that presumption with proof that Mr. Agrawal is atypical or inadequate. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II); *Rao,* 221 F. Supp. 3d at 989 (the lead plaintiff presumption "may be rebutted only upon proof"). No such proof exists here, requiring the Court to appoint Mr. Agrawal as lead plaintiff. The interests of Mr. Agrawal align with the interests of the members of the Class and Mr. Agrawal has retained counsel well versed in securities class action litigation.

### D. The Court Should Approve Mr. Agrawal's Choice of Counsel.

The Court should approve Mr. Agrawal's selection of Levi & Korsinsky as lead counsel for the putative Class. The PSLRA vests authority in the lead plaintiff to select and retain counsel for the class, subject to approval by the Court. 15 U.S.C. §78u-4(a)(3)(B)(v). The attorneys at Levi & Korsinsky are highly experienced in class action securities litigation and will prosecute the Action effectively and expeditiously. Likewise, the attorneys at Cummins Law are also experienced in class action securities lawsuits. *See* ECF Nos. 18-7 and 18-8, (firm resumes). Thus, Mr. Agrawal's chosen counsel are eminently qualified and are prepared to devote the necessary time and resources to this Action for the benefit of Mr. Agrawal and the absent Class members.

## III.    CONCLUSION

For all the foregoing reasons, Mr. Agrawal respectfully requests that the Court grant his motion: (i) appointing him as Lead Plaintiff; (ii) approving his selection of Levi & Korsinsky as Lead Counsel and Cummins Law as Liaison Counsel; and (iii) granting such other relief as the Court may deem just and proper.

DATED: April 8, 2024

**CUMMINS LAW LLC**

/s/ *James R. Cummins*
James R. Cummins (0000861)
312 Walnut Street, Suite 1530
Cincinnati, Ohio 45202
Tel: 513.721.9000
Fax: 513.721.9001
jcummins@cumminslaw.us

*Liaison Counsel for Shekhar Agrawal,
individually and on behalf of Jai Agrawal
and Arya Samaj Greater Houston, and
[Proposed] Liaison Counsel for the Class*

**LEVI & KORSINSKY, LLP**
Adam M. Apton (*pro hac vice*)
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500

Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Shekhar Agrawal,
individually and on behalf of Jai Agrawal
and Arya Samaj Greater Houston, and
[Proposed] Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys on record.

/s/ James R. Cummins
James R. Cummins