UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| JOHN C. PORTER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> GRAFTECH INTERNATIONAL, LTD, et al., <br><br> Defendants. | No. 1:24-cv-00154-DCN <br><br> Judge Donald C. Nugent <br><br> <u>CLASS ACTION</u> |

UPR'S OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS

LAW OFFICE OF GEORGE W. COCHRAN
GEORGE W. COCHRAN
1981 Crossfield Circle
Kent, OH 44240
Telephone: 330/607-2187
330/230-6136 (fax)

ROBBINS GELLER RUDMAN
 & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ABRAHAM, FRUCHTER & TWERSKY, LLP
MITCHELL M.Z. TWERSKY
(*pro hac vice* motion forthcoming)
450 Seventh Avenue, 38th Floor
New York, NY 10123
Telephone: 212/279-5050
212/279-3655 (fax)
mtwersky@aftlaw.com

4860-7711-7364.v1

## I. INTRODUCTION

The Private Securities Litigation Reform Act of 1995 ("PSLRA") establishes a rebuttable presumption that the most adequate plaintiff is the "person or group of persons" who "has the largest financial interest in the relief sought by the class," and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Based on the submissions of the five competing lead plaintiff movants, the University of Puerto Rico Retirement System ("UPR") is the presumptive lead plaintiff, and its motion should be granted.

The table below lists the various lead plaintiff movants' losses ascertainable from their respective submissions before the Court:

| Movant Name | Movant's Loss |
|---|---|
| UPR | $623,340 |
| Sam Kulumani | $61,279 |
| Matthew Lynch | $29,078 |
| Mukhtar Osman | $9,265 |
| Shekhar Agrawal | ???????? |

ECF 20-5, 17-5, 21-2, 19-4, 18-4.

Shekhar Agrawal, in contrast to UPR, meets *neither* of the PSLRA's requirements.  While Agrawal claims "a loss of approximately $1,669,155.74" (ECF 18-1 at 9), he does so purportedly "on behalf of Jai Agrawal and Arya Samaj Greater Houston" via a "special power of attorney" (ECF 18-3, 18-6, ¶2) which is not shown to confer him standing to assert those losses as his own.  Stated differently, Mr. Agrawal's motion is defective because he claims a financial interest in claims belonging to others that he does not purport to have been assigned.  Moreover, Mr. Agrawal does not demonstrate that he otherwise possesses *any* (much less the largest) financial interest of his own in the "relief sought by the class," as none of the owners of the five trading accounts he lists are identified.  His deficient submissions also separately subject him to unique standing defenses precluding him from satisfying Rule 23.  Furthermore, for purposes of determining the movant to be

designated lead plaintiff, Agrawal cannot remedy his deficient submissions with subsequent filings. Consequently, his motion for designation as lead plaintiff should be denied.

The three other individual movants (Sam Kulumani, Matthew Lynch, and Mukhtar Osman) claim substantially smaller losses than UPR. *See* ECF 17-5, 21-2, 19-4. As such, none can trigger the most adequate plaintiff presumption unless they can first prove that UPR is subject to unique defenses or is otherwise inadequate. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). Because they cannot do so, UPR should be appointed lead plaintiff, and their motions should be denied.

## II. ARGUMENT

In determining the "most adequate plaintiff," the PSLRA provides that:

[T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). The most adequate plaintiff presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff – (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(B)(iii)(II).

### A. Agrawal Lacks Standing and Is Ineligible to Serve as Lead Plaintiff

Agrawal stated in his motion that he suffered losses on his purchases of GrafTech common stock (ECF 18-1 at 9), but his Declaration states that Agrawal "manage[s] a portfolio for my family and invested in GrafTech on behalf of myself, my brother Jai Agrawal, and the non-profit entity Arya Samaj Greater Houston" and is thus "acting on their behalf in this lawsuit under the terms of a

4860-7711-7364.v1

special power of attorney." ECF 18-6, ¶2.[1]  The law is clear, however, that plaintiffs "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Warth v. Seldin*, 422 U.S. 490, 502 (1975).

To that end, "a mere power-of-attorney – *i.e.*, an instrument that authorizes the grantee to act as an agent or an attorney-in-fact for the grantor – does ***not*** confer standing to sue in the holder's own right because a power-of-attorney does not transfer an ownership interest in the claim." *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 108-10 (2d Cir. 2008).[2]  The court in *W.R. Huff* recognized that the Supreme Court had recently made clear "that the minimum requirement for an injury-in-fact is that the plaintiff have legal title to, or a proprietary interest in, the claim" (*Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269 (2008)), and held that an investment advisor, who has authority to make investment decisions and has a power of attorney, lacks standing to bring securities lawsuits when he or she does not own the underlying securities. *W.R. Huff*, 549 F.3d at 103-08.

The facts that Shekhar Agrawal may share a close relationship with Jai Agrawal and Arya Samaj Greater Houston and that he manages their investment portfolios (see ECF 18-6, ¶2) do not relieve Mr. Agrawal of the need to satisfy the injury-in-fact requirement of Article III.  *See, e.g.*, *Petrie v. Elec. Game Card, Inc.*, 308 F.R.D. 336, 346 (C.D. Cal. 2015) (finding class representative "has not shown that he has suffered an injury in fact" and accepting defendants' argument that class

---

[1]  The Certification and loss chart identify transactions in five accounts without identifying which accounts belong to Shekhar Agrawal (if any), Jai Agrawal, and/or Arya Samaj Greater Houston. *See* ECF 18-3, 18-4.  Only one (Account 2) suffered a loss close to the loss UPR suffered and Agawal's submission utterly fails to identify the owner of that account.

[2]  Unless otherwise noted, all emphasis is added and citations are omitted.

4860-7711-7364.v1

representative "lacks standing because, even though he made investment decisions regarding EGC stock, those shares were held in his wife Ms. Yu's name only").

Although securities or litigation claims stemming from the purchase of securities that are assigned may provide a plaintiff with legal standing to pursue such claims because they provide legal title to the claim (*Sprint*, 554 U.S. 269), Agrawal has neither asserted nor demonstrated that the losses he purports to represent are losses related to securities or claims assigned to him. Rather, he claims to represent the owners of those aggregate losses and associated claims by virtue of a "special power of attorney" which he does not demonstrate conveys him legal standing to prosecute those claims. Because it is undoubtedly Agrawal's burden to establish standing and the record based on timely submissions, and because the meager record Agrawal created is devoid of evidence to support such standing or that he otherwise has the greatest financial interest in the relief sought by the class, Agrawal's motion should be denied. *See generally Soehnlen v. Fleet Owners Ins. Fund*, 2016 WL 320167, at *3 (N.D. Ohio Jan. 26, 2016) (Nugent, J.), ("As the party invoking federal jurisdiction, Plaintiffs bear the burden of establishing standing.") *aff'd*, 844 F.3d 576 (6th Cir. 2016).

Agrawal cannot cure his motion with an after-the-fact assertion and filing of an assignment. *See In re Bard Assocs. Inc.*, 2009 WL 4350780 (10th Cir. Dec. 2, 2009) (holding that the District Court's decision that a movant "demonstrated its financial interest too late because it did not produce assignments of its clients' claims until after the 60-day deadline . . . was not an abuse of discretion," as "the concept announced in *Huff* is not new"); *May v. Barclays PLC*, 2023 WL 5950689, at *11-*14 (S.D.N.Y. Sept. 13, 2023) (finding that a court "cannot consider the assigned shares in its loss calculations" because "[i]t would be inconsistent with the statutory structure and purpose of the PSLRA to adopt the notion that Baker would have the Court adopt here: that a party can achieve lead plaintiff status not by virtue of his own transactions during the proposed class period but by virtue of assignments of claims by other class members after the class period has ended and after litigation has

commenced"); *Burns v. UP Fintech Holding Ltd.*, 2024 WL 387261, at *5 (C.D. Cal. Jan. 30, 2024) (finding that movant's "reliance in his motion on written assignments which were dated after the date of his August 16, 2023 Certification signed under penalty of perjury raises serious concerns regarding Darren's ability to adequately represent the class"); *see also In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 818 (N.D. Ohio 1999) (explaining that the "PSLRA is unequivocal and allows for no exceptions" and that the "plain language of the statute precludes consideration of a financial loss asserted for the first time in a complaint, or any other pleading, for that matter, filed **after** the sixty (60) day window has closed") (emphasis in original); *Friedman v. Quest Energy Partners LP*, 261 F.R.D. 607, 612 (W.D. Okla. 2009) (plaintiff not assigned claims at the time it moved for appointment as lead plaintiff did not have standing at the time it filed its motion and, thus, was not a member of the class, and had no financial interest in the relief sought by the class at the time it filed its motion).

The unanswered questions regarding Shekhar Agrawal's failure to timely evidence his standing to pursue the claims related to the losses he lists likewise precludes his appointment as lead plaintiff on Rule 23 grounds. Indeed, "[t]he litigation over [Agrawal]'s standing may prejudice the class at the class certification stage and would, in any case, subject it to highly individualized determinations inapplicable to the rest of the class." *Hill v. Silver Lake Group, L.L.C.*, No. 4:20-cv-03766-JSW, ECF 36 at 5-6 (N.D. Cal. Dec. 1, 2020); *also In re Netflix, Inc., Sec. Litig.*, 2012 WL 1496171, at *5 (N.D. Cal. Apr. 27, 2012) ("The Court finds a substantial likelihood that a unique defense could be raised [because] Comstock is not actually the legal entity who held the account on which her calculation of losses is based. Rather, the Comstock Trust is."). As this Court recently noted "it is not the predicted ultimate *success* of distracting, or even claim destroying, defenses that rebuts the presumption." *Gurevitch v. KeyCorp*, 2023 WL 8890938, at *7 (N.D. Ohio Dec. 26, 2023) (Nugent, J.) (emphasis in original). Instead, it is "the foreseeable *possibility* of it, especially

- 5 -

4860-7711-7364.v1

when the movant with the second most highest losses presents none of these distractions." *Id.* (emphasis in original).

### B. UPR Is the Presumptive Lead Plaintiff

UPR not only suffered a substantial six-figure loss, satisfies Rule 23 requirements, and is the owner of all the shares it claims as part of its financial interest, it also unquestionably has standing to pursue its own losses, and does not rely on any "special power-of-attorney" or similar contract to pursue any claim. Moreover, as an institutional investor, UPR is the type of lead plaintiff that Congress expressed its preference for in passing the PSLRA. *See Ohio Pub. Emps. Ret. Sys. v. Fannie Mae*, 357 F. Supp. 2d 1027, 1035 (S.D. Ohio 2005) ("The Court also notes that Plaintiffs are institutional investors, which comports with the PSLRA's expressed preference for such lead plaintiffs. The PSLRA's legislative history explains: 'with pension funds accounting for $4.5 trillion or nearly half of the institutional assets, in many cases the beneficiaries of pension funds-small investors-ultimately have the greatest stake in the outcome of the lawsuit.'") (citing H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733). Indeed, in determining which movant is the presumptively most adequate plaintiff, "[t]here is a . . . factor which [courts] cannot overlook. Under the PSLRA, institutional investors are considered preferred lead plaintiffs." *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004); *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113 (E.D.N.Y. 2012) ("many courts have demonstrated a clear preference for institutional investors to be appointed as lead plaintiffs"). In addition to being the only institutional investor before the Court, UPR is the only movant that has been found by another federal court to satisfy Rule 23's typicality and adequacy requirements during the more rigorous review at the class certification stage. *See Utesch v. Lannett Co., Inc.*, 2021 WL 3560949 (E.D. Pa. Aug. 12, 2021),

- 6 -

*aff'd sub nom.*, *Univ. of Puerto Rico Ret. Sys. v. Lannett Co.*, 2023 WL 2985120 (3d Cir. Apr. 18, 2023).[3]

>    **C.      The Remaining Individual Movants All Suffered Smaller Losses than UPR and Cannot Trigger the Presumption for Appointment**

Because the three remaining individual movants claim smaller losses than UPR and do not trigger the statutory presumption on that basis alone, the "most adequate plaintiff" inquiry ends with UPR. *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002). And, as demonstrated by UPR's motion and reiterated in §II,B, *supra*, UPR meets Rule 23 requirements and selected qualified counsel. *See* ECF No. 20-1 at 9-14. Therefore, the Court need not look further than UPR. *Cavanaugh,* 306 F.3d at 732. The competing motions should be denied.

## III.    CONCLUSION

The competing movants are either subject to unique standing defenses and/or have failed to demonstrate they have the largest financial interest in the relief sought by the class. Moreover, none can prove that UPR failed to make the *prima facie* Rule 23 showing, or that it is atypical or inadequate. As such, UPR respectfully requests that the Court enter an order: (1) denying the

---

[3]      UPR has further demonstrated its adequacy by retaining highly competent proposed lead counsel, including the fact that the firm "initiat[ed] this litigation by investigating, drafting and filing the first complaint in this action." *See City of Hollywood Firefighters' Pension Fund v. TransDigm Grp., Inc.*, 2017 WL 6028213, at *3 (N.D. Ohio Dec. 5, 2017).

- 7 -

4860-7711-7364.v1

competing movants' motions for appointment as lead plaintiff; and (2) granting UPR's motion for

appointment as Lead Plaintiff and approving its selection of Lead Counsel.

DATED:  April 8, 2024                                  Respectfully submitted,

LAW OFFICE OF GEORGE W. COCHRAN
GEORGE W. COCHRAN


                                                    s/  George W. Cochran
                                                    GEORGE W. COCHRAN (Bar # 0031691)
                                                    1981 Crossfield Circle
                                                    Kent, OH  44240
                                                    Telephone:  330/607-2187
                                                    330/230-6136 (fax)
                                                    lawchrist@gmail.com

                                                    Local Counsel

                                                    ABRAHAM, FRUCHTER & TWERSKY, LLP
                                                    MITCHELL M.Z. TWERSKY
                                                    (*pro hac vice* forthcoming)
                                                    ATARA TWERSKY
                                                    (*pro hac vice* forthcoming)
                                                    LAWRENCE D. LEVIT
                                                    (*pro hac vice* forthcoming)
                                                    MICHAEL J. KLEIN
                                                    (*pro hac vice* forthcoming)
                                                    450 Seventh Avenue, 38th Floor
                                                    New York, NY  10123
                                                    Telephone:  212/279-5050
                                                    212/279-3655 (fax)
                                                    mtwersky@aftlaw.com
                                                    atwersky@aftlaw.com
                                                    llevit@aftlaw.com
                                                    mklein@aftlaw.com


- 8 -

- 9 -

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead
Plaintiff

- 9 -

4860-7711-7364.v1