UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| JOHN C. PORTER, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 1:24-cv-00154-DCN |
| Plaintiff, | ) ) ) | Judge Donald C. Nugent |
| vs. | ) ) | CLASS ACTION |
| GRAFTECH INTERNATIONAL, LTD, et al., | ) ) ) | |
| Defendants. | ) ) ) ) | |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF UNIVERSITY OF PUERTO RICO RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF COUNSEL**

LAW OFFICE OF GEORGE W. COCHRAN
GEORGE W. COCHRAN
1981 Crossfield Circle
Kent, OH  44240
Telephone:  330/607-2187
330/230-6136 (fax)

ROBBINS GELLER RUDMAN
 & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

[Additional counsel appear on signature page.]

4886-9430-0855.v1

## TABLE OF CONTENTS

**Page**

I. PRELIMINARY STATEMENT ....................................................................................1

II. ARGUMENT............................................................................................................1

  A. UPR SHOULD BE APPOINTED LEAD PLAINTIFF..........................................1

    1. UPR Has the Largest Financial Interest in the Relief Sought by the Class and is the Presumptive Lead Plaintiff .................................................1

    2. Agrawal's Motion is Deficient Because His Financial Interest in the Relief Sought by the Class Is Not Discernible......................................1

      a. Agrawal Fails to Show *His* Financial Interest in the Relief Sought by the Class...........................................................................2

      b. Agrawal Fails to Demonstrate That He May Act on Behalf of Jai and Arya Sumaj or That He May Lay Claim to Their Losses.................................................................................................3

      c. Agrawal Cannot Cure His Defective Motion..................................4

      d. UPR Otherwise Satisfies the Requirements of Federal Rule of Civil Procedure 23 ......................................................................5

  B. THE COURT SHOULD APPROVE UPR'S CHOICE OF COUNSEL .................5

III. CONCLUSION.........................................................................................................6

- i -

4886-9430-0855.v1

The University of Puerto Rico Retirement System ("UPR") respectfully submits this reply memorandum in further support of its motion: (1) to be appointed as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and (2) for approval of its selection of Abraham, Fruchter & Twersky, LLP ("AF&T") and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Lead Counsel for the class.

## I.       PRELIMINARY STATEMENT

UPR respectfully submits that it is presumptively the most adequate plaintiff in this Action. Motion practice supports the facts that it has the largest discernible financial interest in the outcome of this Action, satisfies the requirements of Federal Rule of Civil Procedure 23, and is not subject to any unique defense.  In addition, UPR's selection of counsel is reasonable and should be approved.

## II.      ARGUMENT

### A.       UPR SHOULD BE APPOINTED LEAD PLAINTIFF

#### 1.       UPR Has the Largest Financial Interest in the Relief Sought by the Class and is the Presumptive Lead Plaintiff

UPR, as it asserted in its motion to be appointed lead plaintiff, has the largest discernible financial interest in the outcome of this Action among the various lead plaintiff movants.  *See* ECF 20-1 at 8-9.  Its losses, which are in excess of $600,000, have not been challenged by any other movant.

#### 2.       Agrawal's Motion is Deficient Because His Financial Interest in the Relief Sought by the Class Is Not Discernible

Only Shekhar Agrawal ("Agrawal") claims a larger financial interest in this Action than UPR.  That claimed financial interest cannot withstand scrutiny because his deficient motion (ECF 18): (a) fails to show he has a financial interest in the outcome of this Action and particularly in the securities he purports to manage for Jai Agrawal ("Jai") and Arya Samaj Greater Houston ("Arya

- 1 -

Samaj"); (b) fails to demonstrate that he may act on behalf of, or lay claim to the losses of, Jai and Arya Samaj; and, (c) cannot be timely supplemented after the 60-day lead plaintiff deadline with further support and evidence.

### a. Agrawal Fails to Show *His* Financial Interest in the Relief Sought by the Class

Agrawal's filings in support of his motion to serve as lead plaintiff – his motion, Declaration, Certification, and opposition to UPR's motion – fail to identify **his** financial interest in GrafTech International Ltd. securities purchased during the Class Period.  *See* ECF 18, 28.  Instead, the Declaration filed in support of his motion (ECF 18-6) and his Certification (ECF 18-3) lump his financial interests with those of Jai, his brother, and Arya Samaj, a non-profit entity.  Agrawal does not provide sufficient information to determine that he is the owner of the accounts listed in ECF 18.

Agrawal's opposition, like his motion, provides no information concerning who owned any securities contained in the five accounts identified in his Certification as Accounts 1-5.  To the extent Agrawal had any ownership interest in those accounts, that interest and its value are indiscernible from the record he created.  Agrawal's failure to make a timely preliminary showing of his monetary interest in the relief sought by the class is disqualifying as that makes it impossible to determine his financial interest in the relief being sought in this Action.  *See May v. Barclays PLC*, 2023 WL 5950689 (S.D.N.Y. Sept. 13, 2023) ("The plain meaning of the term 'financial interest in the relief' indicates . . . the greatest **monetary** interest . . . .") (emphasis in original); *In re Razorfish, Inc. Sec. Litig,*, 143 F. Supp. 2d 304, 307 (S.D.N.Y. 2001) ("The theory of the[ lead plaintiff] provisions was that if an investor with a large financial stake in the litigation was made lead plaintiff, such a plaintiff-frequently a large institution or otherwise sophisticated investor-would be motivated to act like a 'real' client . . . .").

4886-9430-0855.v1

**b.** **Agrawal Fails to Demonstrate That He May Act on Behalf of Jai and Arya Sumaj or That He May Lay Claim to Their Losses**

Agrawal shows no connection to Jai or Arya Sumaj beyond declaring that he "manage[s] a portfolio for [his] family and invested in GrafTech on behalf of" himself, his brother Jai, and Arya Sumaj.  ECF 18-6 ¶2.  That is insufficient to bootstrap his lead plaintiff motion and financial interest in the Action to their losses.

Put simply, the Court can neither determine Agrawal's financial interest on the record Agrawal built nor can it determine that he has standing to act on behalf of all five accounts for which he claims losses.  Rather than show *his* financial interest in the Action, Agrawal's opposition papers repeat his motion's assertions that have him effectively moving as a de facto group.  But, to be clear – in addition to failing to identify the owners of the various accounts referenced in Agrawal's Certification and the securities within them – he does not seek appointment of a lead plaintiff group and he does not submit any joint or individual Certifications or Declarations executed by Jai or Arya Samaj.  Agrawal, instead, claims to act pursuant to a "special power of attorney" referenced once, without description, in his Declaration.  ECF 18-6, ¶2.

That "special power of attorney" was not presented to the Court, raising the question of what it states.  Its contents, however, are of limited importance because it is well-established that "a mere power-of-attorney – i.e., an instrument that authorizes the grantee to act as an agent or an attorney-in-fact for the grantor – does *not* confer standing to sue in the holder's own right because a power-of-attorney does not transfer an ownership interest in the claim." *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 108-10 (2d Cir. 2008) ("the minimum requirement for an injury-in-fact is that the plaintiff have legal title to, or a proprietary interest in, the claim"); *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269 (2008).

- 3 -

4886-9430-0855.v1

As explained in UPR's opposition, investment advisors and managers, as Agrawal purports to be for Jai and Arya Sumaj pursuant to a "special power of attorney," lack standing to prosecute claims belonging to the owners of the securities in accounts they manage. *W.R. Huff*, 549 F.3d at 103-08. Transferring ownership of claims under appropriate circumstances ***might*** change the calculus, but there is no evidence of an appropriate transfer before the Court; there is only a vague reference to an undescribed "special power of attorney." Hence, Agrawal is precluded from asserting standing to pursue claims arising from the securities he purportedly managed for others, in which Agrawal has demonstrated no financial interest. The ownership of the securities and claims belonging to Jai, Arya Samaj, and perhaps other members of Agrawal's family could only possibly be conveyed to Agrawal through a proper and timely assignment, but Agrawal has not timely asserted that any such assignment exists, let alone put any assignments before the Court. For it to support Agrawal's motion for appointment as lead plaintiff, a proper assignment must have been, at the very least: (1) executed during the alleged Class Period; and (2) submitted to the Court prior to the expiration of the 60-day deadline. That is the law because allowing a party to achieve lead plaintiff status by virtue of an assignment made after the class period ends and litigation commences is inconsistent with the statutory structure and purpose of the PSLRA. *See May*, 2023 WL 5950689, at *13-*14.

### c. Agrawal Cannot Cure His Defective Motion

As a general rule, Agrawal should not be permitted to proffer his "special power of attorney" or any other evidence on reply. He chose not to do so in his motion, and that choice has consequences. *Spencer v. Colvin*, 2014 WL 1355751, at *15 (N.D. Ohio Apr. 4, 2014) (Nugent, J.) ("issues raised for the first time in a reply brief are deemed waived").

Even if the Court were inclined to make an exception to the normal rules of motion practice, Agrawal's failure to preliminarily show his financial interest in a timely manner is disabling under

- 4 -

the PSLRA, which forbids Agrawal from supplementing his motion with information identifying his monetary interest after expiration of the 60-day deadline for filing lead plaintiff motions. *See In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 819 (N.D. Ohio 1999) ("The PLSRA is unequivocal and allows for no exceptions" in "preclud[ing] consideration of a financial loss asserted for the first time . . . *after* the sixty (60) day window has closed.") (emphasis in original); *see also Friedman v. Quest Energy Partners LP*, 261 F.R.D. 607, 612 (W.D. Okla. 2009) ("The plain language of the [PSLRA] precludes consideration of any supplemental information filed after the sixty day window has closed" and allowing any such supplementation "'would effectively nullify the time limits expressly provided therein.'") (citing *Telxon*, 67 F. Supp. 2d at 818); *In re Bard Assocs., Inc.*, 2009 WL 4350780 (10th Cir. Dec. 2, 2009) (holding that the district court's decision that a movant "demonstrated its financial interest too late because it did not produce assignments of its clients' claims until after the 60-day deadline . . . was not an abuse of discretion," as "the concept announced in [*W.R. Huff*] is not new"). In short, because Agrawal failed to prove he was *personally* injured by GrafTech's conduct within the statutory deadline, the fact that he lacks standing to serve as lead plaintiff is irreversible.

### d. UPR Otherwise Satisfies the Requirements of Federal Rule of Civil Procedure 23

No movant disputes that UPR is typical and adequate. Nor does any other movant so much as suggest that UPR is subject to any unique defense.

### B. THE COURT SHOULD APPROVE UPR'S CHOICE OF COUNSEL

No movant provides the Court any reason not to approve UPR's choice of counsel.

4886-9430-0855.v1

## III.    CONCLUSION

For the reasons set forth herein, UPR respectfully requests that the Court: (i) appoint UPR as Lead Plaintiff; and (ii) approve UPR's selection of AF&T and Robbins Geller to serve as Lead Counsel for the class.

DATED:  April 15, 2024                         Respectfully submitted

LAW OFFICE OF GEORGE W. COCHRAN
GEORGE W. COCHRAN


                            s/ George W. Cochran
GEORGE W. COCHRAN (Bar # 0031691)
1981 Crossfield Circle
Kent, OH  44240
Telephone:  330/607-2187
330/230-6136 (fax)
lawchrist@gmail.com

Local Counsel

ABRAHAM, FRUCHTER & TWERSKY, LLP
MITCHELL M.Z. TWERSKY
ATARA TWERSKY
LAWRENCE D. LEVIT
MICHAEL J. KLEIN
450 Seventh Avenue, 38th Floor
New York, NY  10123
Telephone:  212/279-5050
212/279-3655 (fax)
mtwersky@aftlaw.com
atwersky@aftlaw.com
llevit@aftlaw.com
mklein@aftlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

- 6 -

- 7 -

Proposed Lead Counsel for Proposed Lead Plaintiff

4886-9430-0855.v1