# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

JOHN C. PORTER, Individually and on Behalf
of All Others Similarly Situated,

                    Plaintiff,

    vs.

GRAFTECH INTERNATIONAL, LTD, et al.,

                    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

No. 1:24-cv-00154-DCN

Judge Donald C. Nugent

<u>CLASS ACTION</u>

**UPR'S [PROPOSED] SUR-REPLY IN FURTHER SUPPORT OF ITS MOTION FOR
APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF
LEAD COUNSEL**

LAW OFFICE OF GEORGE W. COCHRAN
GEORGE W. COCHRAN
1981 Crossfield Circle
Kent, OH  44240
Telephone:  330/607-2187
330/230-6136 (fax)

ABRAHAM, FRUCHTER & TWERSKY,
LLP
MITCHELL M.Z. TWERSKY
ATARA TWERSKY
LAWRENCE D. LEVIT
MICHAEL J. KLEIN
450 Seventh Avenue, 38th Floor
New York, NY  10123
Telephone:  212/279-5050
212/279-3655 (fax)
mtwersky@aftlaw.com
atwersky@aftlaw.com
llevit@aftlaw.com
mklein@aftlaw.com

[Additional counsel appear on signature page.]

4884-7552-2743.v1

Belatedly conceding that he does not possess a larger financial interest than the University of Puerto Rico Retirement System ("UPR"), Shekhar Agrawal in his reply pivots to attempting to attack UPR's *bona fides*. *See* ECF 30 at 8-10. The argument is specious, which is presumably why Mr. Agrawal failed to raise it in opposing UPR's motion for lead plaintiff. *See* ECF 28.[1] Mr. Agrawal also attempts to salvage his motion, which he alone filed, by recasting it as on behalf of a "group." *See* ECF 30 at 2-4. This new argument likewise fails as going against the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the case law (including cases Mr. Agrawal cites), and his own motion papers. Finally, more than ***five weeks*** after filing his motion and just days before the lead plaintiff hearing, Mr. Agrawal lodged the purported powers of attorney ("POA") upon which his motion rests. *See* ECF 35. The POAs are too little, too late and merely confirm Mr. Agrawal's inadequacy to serve as lead plaintiff.

UPR, in contrast, is precisely the type of sophisticated institutional investor the PSLRA had in mind to lead securities class actions. *See Owens v. FirstEnergy Corp.*, 2020 WL 6873421, at *13 (S.D. Ohio Nov. 23, 2020) (noting "the PSLRA's expressed preference for such lead plaintiffs"). For over 80 years, UPR has diligently invested and administered its assets (worth over $1.7 billion) for the benefit of its participants – the academic and administrative staff of the University of Puerto Rico – and their beneficiaries. UPR's ability to effectively lead this case cannot be seriously disputed.[2] Indeed, as Mr. Agrawal fails to inform the Court, a federal judge has already rejected his precise argument in certifying UPR as a class representative, finding that UPR readily satisfies Rule

---

[1]  The Court could simply reject Mr. Agrawal's new arguments out of hand as having been waived. *See Spencer v. Colvin*, 2014 WL 1355751, at *15 (N.D. Ohio Apr. 4, 2014) (Nugent, J.) ("[I]ssues raised for the first time in a reply brief are deemed waived."); *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) ("[W]e have found issues to be waived when they are raised for the first time in . . . replies to responses."). Unless otherwise noted, all emphasis is added and citations are omitted.

[2]  Additional information about UPR's history, governance structure, and finances are all publicly available on its website, https://retiro.upr.edu/.

23(a)'s typicality and adequacy requirements while dismissing "speculative" concerns about its solvency. *Utesch v. Lannett Co., Inc.,* 2021 WL 3560949, at \*4 n.5 (E.D. Pa. Aug. 12, 2021) (observing that UPR "has vigorously litigated the case since its appointment as lead plaintiff over four years ago").[3] Notably, this finding occurred at the class certification stage, which required a significantly higher evidentiary showing than the *prima facie* showing applicable to the lead plaintiff stage of proceedings.

Mr. Agrawal's misdirected attack on UPR coincides with his admission that he did not, in fact, suffer larger losses than UPR. While UPR suffered over $623,000 in losses on its GrafTech International, Ltd. ("GrafTech") investments during the Class Period, Mr. Agrawal concedes to have suffered less than $560,000 in losses. In his opening and opposition papers, Mr. Agrawal conflated his losses with those of absent third parties. But movants cannot simply piggyback on the losses of others to inflate their loss figures. *See Boynton Beach Firefighters' Pension Fund v. HCP, Inc.*, 2017 WL 5759361, at \*2 (N.D. Ohio Nov. 28, 2017) ("Generally, the injury-in-fact element requires the plaintiff to have **personally** suffered injury."). Nor is executing a power of attorney enough to allow a movant to claim another's losses as their own. *See W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 108 (2d Cir. 2008) (holding that "a mere power-of-attorney – *i.e.*, an instrument that authorizes the grantee to act as an agent or an attorney-in-fact for the grantor . . . does not confer standing to sue in the holder's own right because a power-of-attorney does not

---

[3] By contrast, Mr. Agrawal's proposed group member, Arya Samaj Greater Houston ("ASGH"), was involuntary dissolved because of its failure to fulfill certain state-mandated duties. *See* Exhibit 1 attached to the Declaration of George W. Cochran in Support of UPR'S [Proposed] Sur-Reply in Further Support of its Motion for Appointment as Lead Plaintiff and Approval of its Selection of Lead Counsel (Involuntary Dissolution of ASGH by the Office of the Secretary of State of Texas, finding that ASGH "forfeited its right to conduct affairs" in Texas because of its failure to file required reports).

4884-7552-2743.v1

transfer an ownership interest in the claim").[4]  Given this reality, "[t]he **only** way to conclude that

[Mr. Agrawal] has the largest financial interest in the relief sought by the putative plaintiff class is to

conflate the interests of [three] distinct legal entities," which the PSLRA does not allow.  *In re*

*Spectranetics Corp. Sec. Litig.*, 2009 WL 1663953, at *5 (D. Colo. June 15, 2009).[5]

Aware of the clear and well-developed law on this issue after *W.R. Huff* and its progeny, Mr.

Agrawal tries to re-style his motion as that of a "group."  *See, e.g.*, ECF 30 at 6.  The problem with

Mr. Agrawal's attempt to rewrite history is that Mr. Agrawal is the only member of this purported

"group" to have actually filed a motion.  ECF 18.  Neither Jai Agrawal nor ASGH have appeared in

this case.  They have also not provided the sworn certifications required by the PSLRA for any such

---

[4]    Mr. Agrawal relies on two cases which actually support UPR's appointment.  In *Roby v. Ocean Power Techs., Inc.*, 2015 WL 1334320, at *11 (D.N.J. Mar. 17, 2015), the court based its decision on the fact that the entity who suffered the losses had moved **in its own name**, and distinguished motions like those of Mr. Agrawal that purport to act on behalf of another as an attorney-in-fact. And in *Phuong Ho v. NQ Mobile, Inc.*, 2014 WL 1389636 at *2-*5 (S.D.N.Y. Apr. 9, 2014), the court found that a co-trustee could represent losses suffered by several trusts because his co-trustees had executed assignments to him as the real parties in interest for those trusts and **the trusts themselves had moved for lead plaintiff**.  By contrast, here Mr. Agrawal concedes the losses of Jai Agrawal and ASGH do not belong to him and that he did not receive any assignments from these absent third parties.

[5]    *Spectranetics* is on point.  There, the court rejected an individual movant's attempt to combine his own losses with those of his wholly owned and controlled LLC, because the LLC was a separate legal entity that did not file a motion or PSLRA certification in its own name.  Similar to the situation here, the motion was styled as "'Ted Karkus, Individually and as sole officer and sole beneficiary of Forrester Financial, LLC'" with Mr. Karkus purporting to "'be acting **on behalf of** Forrester in a representative capacity in seeking lead plaintiff appointment.'" 2009 WL 1663953, at *3-*6.  But unlike here, the individual in *Spectranetics* attempted to claim losses that he had indirectly suffered through his LLC (in addition to losses suffered in his own name).  The court found that "[e]ven if that is true, it still would be improper simply to disregard the legal distinction between Karkus as an individual and the separate legal entity of Forrester Financial, LLC.  In effect, Karkus seeks to have Forrester Financial LLC, act as a co-lead plaintiff *sub silentio.*  **For good reason, there is no authority for the appointment of a silent co-lead plaintiff**." *Id.* at *5.  Because Mr. Agrawal does not even have an indirect interest in the losses suffered by the two other parties he purports to represent, this case presents an even clearer situation where aggregation is inappropriate.

4884-7552-2743.v1

motion or for their appointment as lead plaintiff to be considered by the Court.[6]  *See* 15 U.S.C. §78u-4(a)(2)(A) ("Each plaintiff seeking to serve as a representative party on behalf of a class ***shall provide a sworn certification, which shall be personally signed by such plaintiff*** . . . ."); *FirstEnergy*, 2020 WL 6873421, at *4 ("Candidates for lead plaintiff must file a certification . . . ."). As Jai Agrawal and ASGH have not moved in this case or satisfied the requirements of the PSLRA with the filing of a sworn certification, their losses cannot be considered for the purposes of lead plaintiff appointment.

Finally, in a last-gasp bid to save his motion, Mr. Agrawal lodged the POAs upon which his entire motion rests more than ***five weeks*** after filing his motion.  As detailed above, the POAs do nothing to further but rather support denial of Mr. Agrawal's motion as they confirm there was no timely assignment of any claims to him and thus cannot increase his claimed "financial interest in the relief sought by the class."  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).  The POAs are only relevant to the extent they provide further proof of Mr. Agrawal's inadequacy to serve as lead plaintiff.  Mr. Agrawal failed to timely file the POAs with his motion, his opposition papers or even on reply.  Instead, Mr. Agrawal lodged the documents, marked "CONFIDENTIAL – NOT FOR PUBLIC FILING," less than a week before the lead plaintiff hearing.  Mr. Agrawal's failure to timely file the POAs and efforts to mark them confidential when they clearly are not suggests he was trying to hide them from the public and Court scrutiny.

A review of the POAs indicates why this may have been the case.  Most troubling, ***ASGH's POA is signed by none other than Mr. Agrawal***.  ECF 35-2.  In other words, Mr. Agrawal has

---

[6]  This fact also distinguishes this case from those cited by Mr. Agrawal, wherein the group members: (1) were not absent (*i.e.*, the group members actually filed a motion together, and the motion was not filed on their behalf by a single group member); (2) complied with the PSLRA sworn certification requirement; and (3) disclosed their financial interests upfront.  The sole exception, *Bhojwani v. Pistiolis*, 2007 WL 9228588, at *2 (S.D.N.Y. July 31, 2007), should no longer be treated as good law in light of *W.R. Huff*.

effectively tried to convey the organization's powers to himself. Notably, entering into a POA falls outside the ordinary powers and duties of a corporate treasurer. Despite the obvious conflict of interest and apparent attempt to exceed the scope of his authority, Mr. Agrawal provides no evidence that this self-serving act was approved by ASGH's board of directors or duly appointed management committee, as was likely required under the Texas' Business Organizations Code. *See* Tex. Bus. Orgs. Code §22. Indeed, Mr. Agrawal has failed to provide any indication that anyone at ASGH other than himself was ***even aware*** that he had invested over $100,000 of organizational funds in GrafTech stock, let alone approved ASGH's indirect involvement in this action – an omission which may explain the organization's failure to file a motion to serve as lead plaintiff. If Mr. Agrawal were to be appointed lead plaintiff, the defendants would have a field day with the many troubling questions raised by his motion to the detriment of the class's interests. In sum, the POAs merely confirm Mr. Agrawal is subject to unique defenses and his motion should be denied. *See Gurevitch v. KeyCorp*, 2023 WL 8890938, at *7 (N.D. Ohio Dec. 26, 2023) ("[I]t is not the predicted ultimate *success* of distracting, or even claim destroying, defenses that rebuts the presumption that the movant claiming the highest loss is the 'most adequate plaintiff,' but rather the foreseeable *possibility* of it, especially when the movant with the second most highest losses presents none of these distractions.") (emphasis in original).

Because UPR has the largest financial interest and has made the required *prima facie* showing under Fed. R. Civ. P. 23, UPR is entitled to the most adequate plaintiff presumption. Mr.

- 5 -

4884-7552-2743.v1

Agrawal has not provided any of the "proof" required to rebut the presumption in UPR's favor. *See*

15 U.S.C. §78u-4(a)(3)(B)(iii)(II). Thus, UPR's motion should be granted.

DATED: May 6, 2024

Respectfully submitted,

LAW OFFICE OF GEORGE W. COCHRAN
GEORGE W. COCHRAN

s/ George W. Cochran
GEORGE W. COCHRAN (Bar # 0031691)
1981 Crossfield Circle
Kent, OH 44240
Telephone: 330/607-2187
330/230-6136 (fax)
lawchrist@gmail.com

Local Counsel

ABRAHAM, FRUCHTER & TWERSKY, LLP
MITCHELL M.Z. TWERSKY
ATARA TWERSKY
LAWRENCE D. LEVIT
MICHAEL J. KLEIN
450 Seventh Avenue, 38th Floor
New York, NY 10123
Telephone: 212/279-5050
212/279-3655 (fax)
mtwersky@aftlaw.com
atwersky@aftlaw.com
llevit@aftlaw.com
mklein@aftlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
BRIAN E. COCHRAN
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
bcochran@rgrdlaw.com
malbert@rgrdlaw.com

- 6 -

4884-7552-2743.v1

- 7 -

Proposed Lead Counsel for Proposed Lead
Plaintiff

4884-7552-2743.v1