# EXHIBIT A

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

JOHN C. PORTER, Individually and on Behalf of All Others Similarly Situated,

          Plaintiff,

vs.

GRAFTECH INTERNATIONAL LTD., DAVID RINTOUL, QUINN COBURN, MARCEL KESSLER, TIMOTHY K. FLANAGAN, JEREMY S. HALFORD, BCP IV GRAFTECH HOLDINGS LP, BROOKFIELD CAPITAL PARTNERS LTD., and BROOKFIELD ASSET MANAGEMENT LTD.,

          Defendants.

Case No. 1:24-cv-00154

Judge Donald C. Nugent

## DECLARATION OF JOSHUA GEITNER

Pursuant to 28 U.S.C. § 1746, I, Joshua Geitner, declare as follows:

1.     During the period between August 2022 and April 2024, I was employed by GrafTech International Holdings Inc., a subsidiary of GrafTech International Ltd. ("GrafTech" or "the Company"). I began employment on August 29, 2022 as a Manufacturing Engineering Lead, and my title changed to Process Engineer on April 1, 2023. Throughout my employment with GrafTech, I worked at the Company's St. Marys, Pennsylvania plant. My employment ended on April 13, 2024.

2.     I believe that I am the individual referred to as "Former Engineering Lead" in the First Amended Complaint, a copy of which has been provided to me by counsel to GrafTech.

3. To the best of my recollection, I communicated verbally by telephone with individuals who called me and identified themselves as lawyers or investigators seeking information about GrafTech on two or three occasions in the summer of 2024. The first call involved only one individual; the second involved multiple. I recall informing the lawyers or investigators that I did not wish to be referenced in court documents. I never received a copy of the First Amended Complaint from them, either before or after the plaintiff filed it. Nor did the lawyers or investigators provide me with a written version of anything they thought I said, so that I could review it and confirm its accuracy (or make any corrections).

4. My comments to the lawyers or investigators about operations, equipment (including a press and cooling pond), and permits at the St. Marys Plant were limited to initial stages of the production process (e.g., forming). The initial stages, not the later stages (e.g., graphitizing pin stock and machining the pin stock to produce pins), were the portions of the process on which I was focused during my employment at the St. Marys facility.

5. Contrary to what is included in Paragraph 59 of the First Amended Complaint, I do not recall telling the lawyers or investigators that "the St. Marys facility was not involved in the production or manufacturing of any pins." I specifically did not tell the lawyers or investigators for plaintiff that GrafTech was not graphitizing or machining at St. Marys during my tenure with the Company.

6. To the contrary, during the entirety of my tenure at GrafTech, I believe that the St. Marys facility was operational from the standpoint of graphitizing and machining.

7. I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 24th day of November, 2024

Joshua Geitner