**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| JOHN C. PORTER, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>GRAFTECH INTERNATIONAL LTD., DAVID RINTOUL, QUINN COBURN, MARCEL KESSLER, TIMOTHY K. FLANAGAN, JEREMY S. HALFORD, BCP IV GRAFTECH HOLDINGS LP, BROOKFIELD CAPITAL PARTNERS LTD., and BROOKFIELD ASSET MANAGEMENT LTD.,<br><br>    Defendants. | Case No. 1:24-cv-00154<br><br>Judge Donald C. Nugent |

**REPLY MEMORANDUM OF LAW OF DEFENDANTS
BCP IV GRAFTECH HOLDINGS LP, BROOKFIELD CAPITAL PARTNERS LTD.,
AND BROOKFIELD ASSET MANAGEMENT LTD. IN SUPPORT OF THEIR
MOTION TO DISMISS THE FIRST AMENDED COMPLAINT
<u>FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS</u>**

**ARGUMENT**[1]

The Brookfield Defendants explained in their opening brief, based on several cases from this Court, that a plaintiff seeking to impose liability under Section 20(a) must allege facts that a defendant controlled the person alleged to have engaged in the underlying violation of the federal securities law and that the controlling person must be "'in some meaningful sense a culpable participant in the primary violation.'" *Smith v. Robbins & Myers, Inc.*, 969 F. Supp. 2d 850, 875 (N.D. Ohio 2013) (quoting *In re Telxon Corp. Sec. Litig.*, 133 F. Supp. 2d 1010, 1032 (N.D. Ohio 2000)); *see* Brookfield Defs. Br. (ECF No. 66-1) at 4.  In response, the only allegations that Plaintiff identifies in the Complaint concerning the Brookfield Defendants' "culpable participation" is that "Brookfield's 'transformation' of GrafTech was directly responsible for the undisclosed issues resulting from shuttering of the St. Marys facility and the risky concentration of pin production at the Monterrey facility," and that Brookfield eventually sold $2.8 billion of GrafTech stock during the Class Period.  (Pl. Br. at 67-68 (citing Compl. ¶¶ 38-39, 66).)  But the Complaint makes clear that this transformation occurred when GrafTech was privately owned by Brookfield between August 2015 and April 2018, years before the start of the proposed Class Period and years before the alleged misrepresentations that form the basis of Plaintiff's claims.  (*See* Compl. ¶¶ 37-40 (alleging that Brookfield acquired GrafTech on August 17, 2015, that "[o]ver the course of the next three years, GrafTech underwent an extensive transformation," and that "[h]aving completed GrafTech's purported business turnaround, Brookfield conducted the Company's second IPO on April 19, 2018").)  The Brookfield Defendants cannot have been participants in violations of the

---

[1] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Brookfield Defendants' opening memorandum of law (ECF No. 66-1).  The Brookfield Defendants incorporate herein by reference the arguments set forth in the reply brief filed by GrafTech and the Individual Defendants concerning why Plaintiffs have failed to plead a claim under Section 10(b) and focus herein solely on Plaintiffs' arguments concerning their Section 20(a) claim against the Brookfield Defendants.

federal securities laws that allegedly occurred between February 2019 and August 2023 based on conduct undertaken years before those alleged violations even started. Nor does Plaintiff explain how *business decisions* undertaken between 2015 and 2018 could be equated with *disclosures* made years later.

Recognizing the inadequacy of their allegations, Plaintiff urges the Court not to apply the "culpable participation" test that numerous other courts in this District have applied for decades and, instead, apply a different test adopted by courts outside of this District. (Pl. Br. at 67 & n.25.) The Court should decline Plaintiff's suggestion. Plaintiff's argument rests on the proposition that the Sixth Circuit has never formally adopted any culpable participation pleading requirement. (*Id.* at 67.) But Plaintiff does not identify a single case from this District that has declined to impose that pleading element, and the one case cited by Plaintiff from within the Sixth Circuit—the Southern District of Ohio's decision in *In re National Century Financial Enterprises, Inc.*— acknowledges numerous opinions issued by courts within the Sixth Circuit over the last 25 years that imposed such a requirement. *See* 504 F. Supp. 2d 287, 303 (S.D. Ohio 2007) (citing cases); *see also Robbins & Myers, Inc.*, 969 F. Supp. 2d at 875 (Northern District of Ohio decision); *In re FirstEnergy Corp. Sec. Litig.*, 316 F. Supp. 2d 581, 600 (N. D. Ohio 2004); *In re Telxon Corp. Sec. Litig.*, 133 F. Supp. at 1032 (Northern District of Ohio decision). Plaintiff cannot dispute that *National Century* is an outlier in the Sixth Circuit.

But even if the Court were to entertain Plaintiff's invitation to depart from longstanding precedent in this District, the Complaint still fails to plead a Section 20(a) claim against the Brookfield Defendants. As the Brookfield Defendants explained in their opening brief (ECF No. 66-1 at 5-6), the Complaint alleges that the Brookfield Defendants did not control the GrafTech board, had only "affiliat[ions]" with just four GrafTech directors over an unspecified period of

3

time, and were involved in the hiring of GrafTech's CEO and CFO at some unspecified point in time "prior to the IPO" and before the start of the proposed Class Period.  (Compl. ¶¶ 232-33.) The Complaint alleges at most that, for a minority of the proposed Class Period, Brookfield owned over 50% of GrafTech's common stock.  But the Complaint does not adequately allege that this stock ownership position gave Brookfield the power to exercise control over GrafTech, particularly where the Complaint also alleges that Brookfield did not control—or have the power to control—a majority of GrafTech's board of directors.  Accordingly, even under the out-of-circuit pleading standard that Plaintiff urges the Court to adopt, the Complaint still fails to state a Section 20(a) claim against the Brookfield Defendants.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth by GrafTech and the Individual Defendants, the Section 20(a) claim against the Brookfield Defendants should be dismissed with prejudice.

Dated:  March 17, 2025

/s/ *Michael Montgomery*
Michael Montgomery (0070922)
BENESCH FRIEDLANDER COPLAN &
ARONOFF LLP
127 Public Square, Suite 4900
Cleveland, OH  44114
Telephone: (216) 363-4500
mmontgomery@beneschlaw.com

Andrew Ditchfield (admitted *pro hac vice*)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY  10017
Telephone: (212) 450-3009
andrewditchfield@davispolk.com

*Attorneys for Defendants BCP IV GrafTech*
*Holdings LP, Brookfield Capital Partners Ltd.,*
*and Brookfield Asset Management Ltd.*

**CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(f)**

The foregoing Reply Memorandum of Law in Support of the Motion of Defendants BCP IV GrafTech Holdings LP, Brookfield Capital Partners Ltd., and Brookfield Asset Management Ltd. to Dismiss the First Amended Complaint for Violations of the Federal Securities Laws complies with the page limitations set forth in the Court's November 22, 2024 Order (ECF No. 63).

**CERTIFICATE OF SERVICE**

I certify that on March 17, 2025, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

/s/ *Michael Montgomery*
Michael Montgomery (0070922)
BENESCH FRIEDLANDER COPLAN &
ARONOFF LLP
127 Public Square, Suite 4900
Cleveland, OH  44114
Telephone: (216) 363-4500
mmontgomery@beneschlaw.com

*One of the Attorneys for Defendants BCP IV GrafTech Holdings LP, Brookfield Capital Partners Ltd., and Brookfield Asset Management Ltd.*

5