IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN C. PORTER, Individually and on Behalf of All Others Similarly Situated,<br><br>             Plaintiff,<br><br>    vs.<br><br>GRAFTECH INTERNATIONAL LTD., DAVID RINTOUL, QUINN COBURN, MARCEL KESSLER, TIMOTHY K. FLANAGAN, JEREMY S. HALFORD, BCP IV GRAFTECH HOLDINGS LP, BROOKFIELD CAPITAL PARTNERS LTD., and BROOKFIELD ASSET MANAGEMENT LTD.,<br><br>             Defendants. | Case No. 1:24-cv-00154<br><br>Judge Donald C. Nugent<br><br>Magistrate Judge Jonathan D. Greenberg |

**NOTICE OF SUPPLEMENTAL
AUTHORITY IN SUPPORT OF
THE MOTION OF DEFENDANTS
GRAFTECH, KESSLER, COBURN, FLANAGAN,
AND HALFORD TO DISMISS THE FIRST AMENDED
COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**

We submit this notice of supplemental authority to advise the Court of Judge Charles E. Fleming's opinion on March 19, 2025, dismissing with prejudice a securities class action, *In re Sotera Health Co. Sec. Litig.*, 2025 WL 860897 (N.D. Ohio).  A copy is attached as Exhibit A.

In *Sotera Health*, Judge Fleming granted a motion to dismiss on facts strikingly similar to the instant case.  The plaintiffs sued when Sotera's stock price declined following regulatory citations and litigation verdicts involving environmental emissions from Sotera's manufacturing plant in Illinois.  The plaintiffs claimed that in the period leading up to the citations and verdicts, Sotera and its executives made misstatements and omissions concerning the environmental performance and compliance of Sotera and its Illinois plant.  The plaintiffs alleged, as here, that the defendants violated Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5.

After hearing oral argument, Judge Fleming dismissed the complaint with prejudice, in a thorough 39-page opinion analyzing each alleged misstatement.  He concluded that the plaintiffs had failed to allege facts with the requisite particularity showing that any challenged statement was false-when-made and that many statements were opinions or forward-looking statements protected by the Reform Act's safe harbor.

The complaint involved two main categories of alleged misstatements:  (1) those relating to compliance with environmental permits and regulations (*e.g.*, "We continue to comply with all permits"); and (2) those relating to pending environmental litigation and regulatory proceedings (*e.g.*, "We deny these allegations and intend to vigorously defend against these claims").  *Id*. at *10–12.  The plaintiffs claimed statements about compliance with permits and regulations were misleading because "Sotera failed to comply with permits designed to limit and monitor [allegedly toxic gas] emissions" at one of its facilities.  *Id*. at *12.  And they claimed statements related to pending litigation were misleading because "evidence presented at . . . [a] trial showed Sotera's

1

failure to disclose the potential significant risk of an adverse outcome at trial" and because "Sotera knew its emissions control systems were leaking [allegedly toxic] gas into the air[.]" *Id*. at *15.

As to the first category of alleged misstatements, Judge Fleming granted dismissal because the plaintiffs failed "to allege that the permit and regulatory statements are false and misleading with particularity" at the time those statements were made. *Id*. at *26. While the plaintiffs identified "two permits over more than 40 years with which Sotera allegedly maintained questionable compliance," *id*., Judge Fleming concluded that "generic claim[s] of legal compliance, absent any specifics, do[] not form the basis for a misrepresentation actionable under Rule 10b-5." *Id*. at *25. As Judge Fleming reasoned:

> The claims relating to permit and regulatory compliance are not challenged with specific facts showing that Sotera or Officer Defendants knew it was *not* complying with regulations when those statements were made; thus these statements, like those in *Omnicare* and *Kushner*, do not meet the particularity requirements of either Rule 9(b) or the PSLRA, and cannot support . . . Rule 10b-5 claims.

*Id.* at *27 (emphasis in original). The statements were also inactionable opinions. *Id*. at *28. Similar reasoning applies here to statements that GrafTech believed it complied with laws and regulations. *See* ECF 64-1, at Sections I.A.1-2; ECF No. 64-2 (Chart of Alleged Misstatements Related to Non-Disclosures about Monterrey Plant); ECF No. 74, at Sections I.A.1-2.

As to the second category of alleged misstatements about litigation and regulatory proceedings, Judge Fleming dismissed them as inactionable opinions. *Sotera Health*, 2025 WL 860897, at *30. He noted that companies do not have a duty to disclose "unadjudicated wrongdoing." *Id*. at *28. Moreover, Judge Fleming found persuasive the reasoning in *Hall v. Johnson & Johnson*, 2019 WL 7207491 (D.N.J. Dec. 27, 2019), where the "court found that the company's statements about the litigation—even those statements that followed negative verdicts—amounted to 'opinions regarding the success of the litigation, rather than statements of fact.'" *Id*. at *30 (quoting 2019 WL 7207491, at *19). Judge Fleming also found that "Sotera's

more specific litigation-based statements are protected by the [Reform Act's] safe harbor because, at minimum, they were plainly 'forward-looking' alongside meaningful, cautionary language." *Id.* For similar reasons, the Court should dismiss the alleged misstatements relating to the 2019 administrative proceeding and the 2022 Monterrey shutdown proceeding and its projected effects. *See* ECF No. 64-1, at Sections I.A., I.C; ECF No. 64-2 (Chart of Alleged Misstatements Related to Non-Disclosures about Monterrey Plant); ECF No. 64-4 (Chart of Alleged Misstatements Related to Impact of Monterrey Shutdown); ECF No. 74, at Sections I.A., I.C.

For these reasons, and the others set forth in their briefs, Defendants GrafTech, Coburn, Kessler, Flanagan, and Halford respectfully submit that the Complaint must be dismissed.

Defendants would welcome the opportunity to discuss at an oral argument these and other issues raised in the briefing.

Dated:  March 26, 2025

/s/ *Geoffrey J. Ritts*
Geoffrey J. Ritts (0062603)
Adrienne Ferraro Mueller (0076332)
Brittany N. Wilhelm (0096866)
Connor F. Lang (0100348)
JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone:  (216) 586-3939
gjritts@jonesday.com
afmueller@jonesday.com
bwilhelm@jonesday.com
clang@jonesday.com

Marjorie P. Duffy (0083452)
JONES DAY
325 John H. McConnell Blvd., Suite 600
Columbus, Ohio 43215
Telephone: (614) 469-3939
mpduffy@jonesday.com

*Attorneys for Defendants GrafTech International Ltd., Marcel Kessler, Quinn Coburn, Timothy K. Flanagan, and Jeremy S. Halford*

## CERTIFICATE OF SERVICE

A copy of the foregoing Notice of Supplemental Authority in Support of the Motion of Defendants GrafTech, Kessler, Coburn, Flanagan, and Halford to Dismiss the First Amended Complaint for Violations of the Federal Securities Laws was filed electronically this 26th day of March, 2025.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.   Parties may access this filing through the Court's system.

/s/ *Geoffrey J. Ritts*
Geoffrey J. Ritts (0062603)
JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Telephone:  (216) 586-3939
gjritts@jonesday.com

*One of the Attorneys for Defendants GrafTech International Ltd., Marcel Kessler, Quinn Coburn, Timothy K. Flanagan, and Jeremy S. Halford*