UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| JOHN C. PORTER, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br> vs.<br><br>GRAFTECH INTERNATIONAL, LTD, et al.,<br><br>     Defendants. | No. 1:24-cv-00154-DCN<br><br>Judge Donald C. Nugent<br><br><u>CLASS ACTION</u> |

LEAD PLAINTIFF'S RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY

LAW OFFICE OF GEORGE W. COCHRAN
GEORGE W. COCHRAN
1981 Crossfield Circle
Kent, OH  44240
Telephone:  330/607-2187
330/230-6136 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
NATHAN R. LINDELL
JENNIFER N. CARINGAL
KEVIN S. SCIARANI
FRANCISCO J. MEJIA
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

[Additional counsel appear on signature page.]

4912-0619-5760.v1

Lead Plaintiff University of Puerto Rico Retirement System ("Plaintiff") respectfully submits this response to the Notice of Supplemental Authority (the "Notice") (ECF 77) filed by Defendants GrafTech International Ltd., Marcel Kessler, Quinn Coburn, Timothy K. Flanagan, and Jeremy S. Halford (collectively, "Defendants").

The Notice claims that Judge Charles E. Fleming's opinion granting of a motion to dismiss in *In re Sotera Health Co. Sec. Litig.*, 2025 WL 860897 (N.D. Ohio Mar. 19, 2025) supports dismissal of Plaintiff's claims here. But Defendants' bald assertion that the alleged facts in *Sotera* are "strikingly similar to the instant case" (Notice at 1) does not make them so. Instead, as detailed below, the facts underlying the court's dismissal in *Sotera* are easily distinguished from the well-pled claims at issue in this case, precluding Judge Fleming's opinion from offering any useful guidance here.

Defendants' Notice focuses on the *Sotera* court's dismissal of two categories of alleged misstatements: (1) statements regarding Sotera's compliance with environmental permits and regulations; and (2) statements regarding pending litigation involving Sotera. *See* Notice at 1 (citing *Sotera*, 2025 WL 860897, at *10-*12). Defendants claim that Judge Fleming's analysis regarding the first category of statements supports dismissal of Plaintiff's claims concerning "statements that GrafTech believed it complied with laws and regulations" (Notice at 2), and that his analysis concerning the second category supports dismissal of Plaintiff's claims concerning "the alleged misstatements relating to the 2019 administrative proceeding and the 2022 Monterrey shutdown proceeding and its projected effects" (Notice at 3).[1] Defendants are wrong, however, as Plaintiff's claims are factually distinguishable from those before the *Sotera* court.

---

[1] Notably, Defendants do not argue that *Sotera* supports dismissal of Plaintiff's claims regarding the alleged misstatements concerning: GrafTech's purported competitive and cost advantages (*see* ECF 69 at 20-23); or the St. Marys Facility (*see id.* at 31-41).

First, in dismissing the claims regarding statements concerning Sotera's compliance with environmental permits and regulations, Judge Fleming noted that the *Sotera* defendants "***did not deliver to investors an unequivocal message of universal compliance***." 2025 WL 860897, at *27.[2] To the contrary, the defendants "provided investors during the [c]lass [p]eriod with information about Sotera's history of regulatory and permit compliance, or ***lack thereof***," and specifically informed investors that Sotera had "'***not always been and may not always be in compliance***,'" and had "'***experienced instances of emissions exceeding applicable standards***.'"  *Id.* at *26 (some emphasis in original).  Here, Defendants made no similar statements disclaiming GrafTech's compliance with regulatory obligations or its commitment to environmental protection.  Instead, Defendants repeatedly touted GrafTech's "on-going commitment to rigorous internal environmental protection standards," and its "strong environmental management system," which purportedly enabled GrafTech to "operate in compliance with [its] regulatory obligations, identify risks, and understand and reduce [its] environmental impacts."  ¶¶42, 91, 107, 128, 146, 160; *see also* ECF 69 at 10-13, 20-31.[3]  Indeed, far from disclosing GrafTech's failure to comply with applicable laws and regulations, Defendants actively concealed such facts by describing the 2019 administrative proceeding as merely "involving certain ***potential*** violations of state environmental law," when in fact the formal resolution of those proceedings concluded that GrafTech had actually (not potentially) violated Article 131 section II of the Environmental Law of the State of Nuevo León by operating "without the means of control to ensure that dust emissions are avoided."  ¶¶4-5, 45-47, 98, 100, 102, 104; *see also* ECF 69 at 26-27.

---

[2]  Unless otherwise noted, all emphasis is added and citations are omitted.

[3]  All "¶__" or "¶¶__" references are to the First Amended Complaint for Violations of the Federal Securities Laws (the "Complaint") (ECF 56).  Unless otherwise defined herein, all capitalized terms have the same meanings as defined in the Complaint.

4912-0619-5760.v1

Second, Judge Fleming's dismissal of the alleged compliance misstatements was also premised on the plaintiffs' failure to allege that the defendants "knew [Sotera] was *not* complying with regulations when those statements were made." *Sotera*, 2025 WL 860897, at \*27 (emphasis in original). In reaching this conclusion, the court noted that, despite the plaintiffs' general allegations of non-compliance with two environmental permits, plaintiffs did "not allege *any* violation of the first permit" and admitted "that the second permit was ultimately complied with via a change made by regulators, not Sotera." *Id.* at \*26 (emphasis in original). Here, by contrast, the Complaint alleges numerous facts establishing Defendants' knowledge of the Monterrey facility's actual failure to comply with environmental laws, including: (1) Defendants' unquestionable awareness of the 2019 administrative proceeding's formal resolution, which was referenced in GrafTech's SEC filings and (unbeknownst to investors) resulted in an order directing GrafTech to "immediately and permanently" remediate the Monterrey facility's violations concerning its deficient dust emission controls; (2) Defendants' repeated representations regarding their direct, personal involvement in, and oversight of, environmental compliance and protection efforts concerning the Monterrey facility; and (3) Defendants' receipt of "monthly reports" from site managers and weekly communications concerning "observations from site walk-throughs." ¶¶192-211; *see also* ECF 69 at 50-55.

Finally, the litigation-based statements at issue in *Sotera* are patently distinguishable from Plaintiff's claims regarding misstatements concerning the 2019 administrative proceeding and the fallout from the 2022 Monterrey shutdown. In *Sotera*, the plaintiffs alleged that it was false and misleading for defendants to: (1) "deny the allegations asserted against them" in pending litigation; (2) "tell investors that Sotera planned to 'vigorously defend against' those claims"; and (3) fail to "take a contingency reserve related to the litigation." 2025 WL 860897, at \*28. In dismissing such claims, Judge Fleming found that the alleged misstatements were inactionable statements of opinion "'regarding the success of the litigation, rather than statements of fact.'" *Id.* at \*30. In so holding,

- 3 -

the court observed that "all of Sotera's litigation-based statements were made prior to" any verdicts and noted that a company making statements regarding litigation success "may very well have defenses to the lawsuits premised on other bases such as lack of causation, or procedural issues occurring at trial." *Id.* (quoting *Hall v Johnson & Johnson*, 2019 WL 7207491, at \*19 (D.N.J. Dec. 27, 2019)).  Judge Fleming also found that statements regarding the ultimate outcome of a trial were forward-looking statements "protected by the PSLRA safe harbor," while specifically noting that defendants "consistently remind[ed] investors that the [pending] litigation cases were going in front of juries and that Sotera's ultimate success would be in the hand of the courts." *Id.* at 30-31.

Unlike the litigation-based statements at issue in *Sotera*, Defendants' alleged misstatements regarding the 2019 administrative proceeding and the fallout from the 2022 Monterrey shutdown concern material misrepresentations of ***present facts***, not opinion-based predictions regarding the outcome of future events.  With regard to the 2019 administrative proceeding, Defendants affirmatively misrepresented the ***results*** of that already concluded proceeding by falsely describing the proceeding as "involving certain potential violations of state environmental law," while concealing that the formal resolution of the proceeding: (1) determined that GrafTech had, in fact, violated Article 131 section II of the Environmental Law of the State of Nuevo León; (2) found that GrafTech had "benefited economically" from such violations; and (3) ordered GrafTech to "immediately and permanently" remediate such violations. ¶¶4-5, 45-47, 99, 100, 102, 104; *see also* ECF 69 at 26-28.  Similarly, Defendants' alleged misstatements following the 2022 Monterrey shutdown concealed and misrepresented known material facts regarding circumstances then-impacting GrafTech's present operations and ability to enter into contracts, which rendered their statements to investors materially false and misleading ***at that time***. *See* ¶¶77-79, 81, 176-178, 218; *see also* ECF 69 at 41-43, 60-63.

4912-0619-5760.v1

For the reasons stated herein and in Plaintiff's omnibus opposition (ECF 69), the motions to dismiss the Complaint (ECF 64-66) should be denied.

DATED:  April 1, 2025

LAW OFFICE OF GEORGE W. COCHRAN
GEORGE W. COCHRAN


s/ GEORGE W. COCHRAN
GEORGE W. COCHRAN (Bar # 0031691)
1981 Crossfield Circle
Kent, OH  44240
Telephone:  330/607-2187
330/230-6136 (fax)
lawchrist@gmail.com

Local Counsel for Lead Plaintiff

ROBBINS GELLER RUDMAN
  & DOWD LLP
NATHAN R. LINDELL (admitted *pro hac vice*)
JENNIFER N. CARINGAL (admitted *pro hac vice*)
KEVIN S. SCIARANI (admitted *pro hac vice*)
FRANCISCO J. MEJIA (admitted *pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
nlindell@rgrdlaw.com
jcaringal@rgrdlaw.com
ksciarani@rgrdlaw.com
fmejia@rgrdlaw.com

ABRAHAM, FRUCHTER & TWERSKY, LLP
MITCHELL M.Z. TWERSKY (admitted *pro hac vice*)
MICHAEL J. KLEIN (admitted *pro hac vice*)
450 Seventh Avenue, 38th Floor
New York, NY  10123
Telephone:  212/279-5050
212/279-3655 (fax)
mtwersky@aftlaw.com
mklein@aftlaw.com

- 5 -

4912-0619-5760.v1

- 6 -

ABRAHAM, FRUCHTER & TWERSKY, LLP
PATRICE L. BISHOP (admitted *pro hac vice*)
9440 Santa Monica Blvd., Suite 301
Beverly Hills, CA 90210
Telephone:  310/279-5125
pbishop@aftlaw.com

Lead Counsel for Lead Plaintiff

- 6 -